Tilghman C. J.
delivered the opinion of the Court:— This is an appeal from the settlement of the account of John Hall, administrator of David Callaghan, in the Orphan’s Court.
1. The first exception by the administrator is to a charge of jg 393 33 cts. on account of some wines, for which, he says, he accounted for at the actual price for which he sold them. The fact is, that the wines were shipped by him to the West Indies, and probably the net amount of sales was §393 33 cts., less than the sum with which the Orphan’s Court has charged him. But it was proved, that he had exhibited to Jasper Moylan, Esq. who acted as the friend of David Callaghan’s family, an account of sales of a large quantity of wine belonging to the estate, including those sent to the West Indies, and in that account, he set down those wines as having been purchased by himself at 75 cents a gallon. The Orphan’s Court charged him at the price mentioned in the account of sales, and it appears to me that he was rightly charged. An administrator cannot properly purchase of himself, but when Hall named himself as the purchaser, it showed an intention to keep the wines at the price of 75 cents a gallon. No doubt he thought them worth that price, or hé would not have fixed on it. His own estimate is strong evidence of the valúe, so that if they produced less afterwards in consequence of a shipment beyond sea, he ought to answer for the loss. It was his business to sell here, and not involve the estate in the risk of a mercantile adventure. It must be an extraordinary case which will justify such con *246 duct. In the present instance, there was no necessity for it, because I have no doubt from the evidence, but that the wines might have been sold in the city. But from the sum of $393 33 cts; with which the administrator was charged, is to be deducted $48 25 cts., the price of storage of the wines in this city.
2. The next exception is on account of a debt due from the intestate to John Murphy. The administrator had assets in his hands, and yet suffered this debt to remain unpaid for several years. At length Murphy brought suit and recovered the debt with interest and costs. There was no pretence for dispute, as the debt was known to be justly due. The administrator charged the estate with the interest and costs recovered against him. The Orphan’s Court struck out this charge, in which they certainly did right. An administrator who suffers a just debt to remain unpaid, while he has assets to discharge it, must pay the damages from his own pocket. The case is too plain to admit of a doubt.
3. The last exception is to the interest charged against the. administrator, on the balance of the account. Five years interest is allowed, and the amount on which it is calculated, is made up as follows :
Balance of account .... $1616 86
Add for short charge on wine - - 393 33
Do. error in charge of commission - 64 52
Do. interest and cost charged on Murphy's debt 186 43
$2261 14
To the charge of interest on this aggregate sum of $2261 14 cts., there are several good objections. In the first place, there is included in the balance of $1616 86 cts., the sum of $775 50 cts., being the appraised value of the furniture of the intestate, which was delivered by the administrator to the widow, consequently not being money, nor having been used by the administrator, no interest is chargeable on that article. In the next place, the principal of the debt due to Murphy, ($414) which was unpaid, when the balance of $ 1616 86 cts. was struck, is to be deducted from that balance. So that when the account is properly settled, it will stand as follows:
*247 "Balance of account settled by the administrator $1616 86 Add short credit on sales of wine - 393 33
Storage - 48 25
-- 345 08
Add error in commissions on stock - - 64 52
$2026 46
From this deduct as follows:
Amount of furniture - 775 50
Principal of Murphi/s debt - - 414 00
-- 1180 50
Leaving a balance of $836 96 cts., on which 5 years interest is to be charged $ 836 96
It was insisted on behalf of the appellees, that in equity the administrator should be charged with interest on the amount of the sum allowedhimbythe register,for commissions, $1499 44 cts., because that allowance was not made till the time of the sefetlement of the administration account, and in consequence of it, the balance was reduced to $ 1616 86 cts. It is therefore supposed, that the sum of $ 1499 44 cts. had been lying five years in the hands of the administrator, and should carry interest. But to this it is answered, that in justice commissions are due at the time the services are performed, for which they are allowed. Almost the whole of the sum of $1499 44 cts., ought on this principle, to have been paid to the administrator several years before the settlement of the account; and it would be resorting to more strictness than is usual or necessary, to ascertain exactly at what time the several parts of the commissions became due, and frame an interest account accordingly.
The administrator asserts, that although a balance of iflterest is apparently due from him, yet in fact, if the advances made by him to the widow and children, and not included in the administration account, are taken into consideration, the balance of the interest account would be in his favour. Possibly it may be so, but of this we cannot now judge. When he comes to settle his account with the widow and children, or their guardians, he will have an opportunity of obtaining justice.